† STATE OF MAINE *versus* HOMER.

An indictment alleging that defendant, on a day certain and divers other days, &c., at &c., "kept a certain house of ill fame, then and there resorted to for the purpose of prostitution and lewdness, by the consent and with the knowledge of the said defendant," contains a sufficient description of the statute offence, on which judgment may be rendered.

Whether a plea in abatement for a misnomer, setting forth only the omission of the initial letter of the middle name, is sufficient? *quere.*

Upon an issue, whether the defendant is as well known by the *name* in the indictment as by *another*, a former indictment against her by the same name, to which she pleaded not guilty, is competent evidence for the consideration of the jury.

ON EXCEPTIONS from *Nisi Prius*, HOWARD, J., presiding. INDICTMENT.

It was alleged " that Mary Homer, in Portland, in the County of Cumberland, widow, on the first day of January, in the year of our Lord one thousand eight hundred and fifty-five, at Portland, in said County of Cumberland, and on divers other days and times between that day and the day of the finding of this bill, with force and arms at Portland, aforesaid, in the county aforesaid, did keep a certain house of ill fame, then and there resorted to for the purpose of prostitution and lewdness, by the consent and with the knowledge of said Mary Homer, against the peace of the State, and contrary to the form of the statute in such case made and provided."

The respondent pleaded that her true name was Mary Y. Homer, and not Mary Homer, by which latter name she was indicted.

Issue was joined on this plea, and evidence submitted thereon.

The government offered the records of an indictment against the defendant, of the Court of Common Pleas for Cumberland County for 1834, wherein she was called Mary Homer, and to which she pleaded not guilty, and on which she was convicted and sentenced.

To this evidence the defendant objected, but it was admitted only in reference to the name.

The jury found, that defendant was as well known by the name of Mary Homer as Mary Y. Homer, and was called and known by one name as the other.

After this verdict the defendant moved in arrest of judgment, because of the insufficiency of the indictment.

1st. Because it did not allege, that any person for crimi-

nal purposes ever entered said house with the knowledge or consent of defendant.

2d. Or that defendant occupied or used said house for fornication, or that any lewd acts took place therein.

3d. Or that defendant entertained the company mentioned in the indictment.

4th. Or that defendant kept a disorderly house, or in any manner detrimental to public morality.

5th. Or that she kept it for profit or lucre, or expected any therefrom.

6th. Or in what street or neighborhood said house was situated, or that it was inhabited by any one.

7th. Or that defendant owned, leased or occupied said house, or that she furnished lodgings or entertainment for any evil disposed persons by day or night.

8th. Or that any person resorted thereto for prostitution or lewdness, with knowledge of defendant.

9th. Or that the times, places and practices constituting the offence, were set forth so that defendant might meet the specific charges alleged against her. .

10th. Because the verdict does not find the true christian name of defendant.

11th. Because, after verdict on the question of misnomer, the Court overruled the motion of defendant for a trial on the merits.

This motion was overruled, and defendant excepted.

*O'Donnel,* in support of the exceptions, contended that the record was improperly admitted, for in that indictment no question was raised as to a misnomer, and the plea was not guilty, which could not be taken as an admission that her name was right. *Bradley* v. *Bradley,* 2 Fairf. 367; 1 Greenl. Ev. § 527.

He also contended, that the reasons for arrest were valid. The allegation was general of "keeping a house of ill fame." There should be a statement of facts which constitute the offence. 1 Chitty's Cr. Law, 138; 1 D. & E., 63; 2 D. & E., 591. .

That the purpose of an indictment is to allege and set forth the facts which make the crime. *Commonwealth* v. *Moore*, 6 Met. 244.

It was so in the offence of abortion. *Commonwealth* v. *Bangs*, 6 Mass. 386. So also in gaming, keeping disorderly houses, making lotteries, adulterating food or liquors, adultery, fornication, &c., the indictment must allege all the facts constituting such offences. *State* v. *McGrath*, 31 Maine, 469. So also in conspiracy. *State* v. *Hewett & al.*, 31 Maine, 396.

The established form of an indictment for keeping a house of ill fame, required an averment that defendant, for the sake of lucre and gain, men and women, by night and by day, did unlawfully and wickedly, receive and entertain, and that in the defendant's house the offence of fornication was committed and perpetrated to the great damage and common nuisance of the neighborhood, and against good morals and good manners. Davis' Cr. Precedents of Indictments, Mass. p. 198; *Commonwealth* v. *Stewart*, 1 S. & R., 342; Chitty's Cr. Law, vol. 2d., p. 15; 6 Dane's Abr. c. 190, art. 11; *Jennings, in error*, v. *The Commonwealth*, 17 Pick. 80.

Every indictment must charge the crime with such certainty and precision, that it may be understood by every one, alleging all the requisites that constitute the offence, &c. 1 Chitty's Cr. Law, p. 141–2.

There was not only no averment, that any offence was committed in the house of the defendant, but the indictment did not allege that she occupied the house at all. *Commonwealth* v. *Dean*, 1 Pick. 388.

Neither did the indictment allege where the house is situated. 1 Russell on Crimes, 325.

*Abbott, Att'y Gen.*, for the State.

APPLETON, J. — The defendant was indicted for keeping a house of ill fame. The allegations in the indictment are clearly sufficient. They show the commission of an offence

prohibited by R. S., c. 160, § 15; *State* v. *Stevens*, (not yet reported); *Commonwealth* v. *Ashley*, 2 Gray, 356.

The defendant pleaded in abatement, that her name was Mary Y. Homer and not Mary Homer. If the letter Y is to be regarded merely as the initial letter of the middle name, it may well be questioned whether the plea is sufficient. The name of which, that is the initial letter, should have been set forth in the plea as in *Commonwealth* v. *Perkins*, 1 Pick. 388.

Upon the issue raised by the plea in abatement, much evidence was offered. Among other proof adduced, it appeared, that the defendant having been previously indicted by the name of Mary Homer, to that indictment pleaded not guilty. It is true, she was under no obligation, if indicted by a wrong name, to plead the misnomer in abatement. But the fact, that to an indictment by a particular name, she upon her arraignment answered thereto, and pleaded not guilty, was proper for the consideration of the jury.

*Motion and exceptions overruled.*